■ In the Matter of DUMBO Neighborhood Foundation, Inc., et al., Appellants, v City of New York et al., Respondents. [942 NYS2d 205]—

In a hybrid proceeding pursuant to CPLR article 78 to review determinations of the New York City Council dated June 10, 2009, which granted the applications of the respondent/defendant Two Trees Management Co., LLC, for an amendment to the zoning map of the City of New York and for two special use permits in connection with a proposed development project, and action for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Martin, J.), dated October 25, 2010, which, in effect, granted the motion of the respondents/defendants City of New York, New York City Department of City Planning, City Planning Commission, New York City Council, Department of Education, and School Construction Authority, and the separate motion of the respondent/defendant Two Trees Management Co., LLC, for summary judgment in their favor in connection with the declaratory judgment causes of action, denied the petition, dismissed the proceeding, and, in effect, declared that the proposed development project is a General Large-Scale Development within the meaning of the Administrative Code of City of New York that qualifies for special use permits, that certain

buildings on the project site are integral to the project, and that the building lots within the project site are not subject to the special bulk regulations or the waterfront regulation set forth in New York City Zoning Resolution § 62-30 *et seq.* and § 62-12, respectively.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The respondent/defendant Two Trees Management Co., LLC (hereinafter Two Trees), applied to the New York City Planning Commission and the New York City Council (hereinafter together the City) for an amendment to the City zoning map and for two special use permits so that it could develop a certain parcel of real property in accordance with its plans. Two Trees' proposed plans and applications were based on the premise that the subject property constituted a "General Large-Scale Development" (hereinafter GLSD) within the meaning of New York City Zoning Resolution § 12-10 (a "Large-Scale General Development" under the current iteration of that section). The petitioners/plaintiffs, among others, opposed the project at the administrative level. The City, after review and public hearings, approved the proposed development as a GLSD, and granted Two Trees' applications, allowing the project to proceed. The petitioners/plaintiffs commenced this hybrid CPLR article 78 proceeding and action for declaratory relief challenging, among other things, the qualification of the proposed development as a GLSD. The Supreme Court denied the petition and dismissed the proceeding, determining, among other things, that the subject project qualified as a GLSD within the meaning of the New York City Zoning Resolution. The Supreme Court also, in effect, granted the motion of the City and several related City agencies, and the separate motion of Two Trees, for summary judgment in their favor in connection with the causes of action for declaratory relief, and, in effect, made several declarations as to the characterization of the project as a GLSD and the inapplicability of certain provisions of the New York City Zoning Resolution to the project. The petitioners/plaintiffs appeal, and we affirm.

The petitioners/plaintiffs argued before the Supreme Court, in effect, that the City's conclusion, implicit in its determination, that the project qualified as a GLSD "was affected by an error of law" (CPLR 7803 [3]). The Supreme Court properly determined that this contention was without merit. As the Supreme Court observed, the subject development consists of "two or more zoning lots that are contiguous or would be contiguous but for their separation by a street or a street intersec-

tion" (NY City Zoning Resolution § 12-10 [emphasis omitted]). The project also has an area of at least 1.5 acres (*id.*). Contrary to the petitioners/plaintiffs' contention, the City's conclusion, implicit in its determination, that the project was to be used, developed, or enlarged as a unit (*id.*), was not affected by an error of law. Accordingly, the Supreme Court properly denied the petition, in effect, granted the separate motions of the respondents/defendants for summary judgment in their favor in connection with the declaratory judgment causes of action, dismissed the proceeding, and made the appropriate declarations. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.